1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  SARA LOWRY,

12                                      Plaintiff,

13        vs.

14  SAN DIEGO POLICE DEPARTMENT, et
    al.,

15

16                                      Defendants.

17

CASE NO. 11 CV 0946 MMA (WMC)

**NOTICE AND ORDER
PROVIDING TENTATIVE
RULINGS RE: DEFENDANTS'
MOTION TO DISMISS**

[Doc. No. 8]

18        Currently pending before the Court, and set for hearing on Monday, June 27, 2011 is

19  Defendants San Diego Police Department, William Lansdowne, Bill Nulton, Mike Fish, and David

20  Zelenka's motion to dismiss Plaintiff Sara Lowry's complaint.  Having considered the submissions

21  of the parties, and in anticipation of Monday's hearing, the Court issues the following tentative

22  rulings:

23        (i)      The Court tentatively **GRANTS** Defendants' motion to dismiss.

24        (ii)     The Court's tentative ruling is to **DISMISS** Plaintiff's first cause of action under 42

25  U.S.C. § 1983 as to Defendant San Diego Police Department ("SDPD") **WITH PREJUDICE**, as

26  the SDPD is not a "person" within the meaning of section 1983.  *Robbins v. City of San Diego*

27  *Police Dep't*, 2010 U.S. Dist. LEXIS 22230 *6 (S.D. Cal. Mar. 8, 2010) ("An agency or

28  department of a municipality is not a proper defendant under section 1983.") (citing *Vance v.*

*County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996)).  Further, "Plaintiff concedes that the SDPD is not a proper party for purposes of 42 U.S.C. § 1983." [Doc. No. 9, p.3.]

(iii)    The Court's tentative ruling is to **DISMISS** Plaintiff's second cause of action for strict liability under California Civil Code section 3342, as to all Defendants **WITH PREJUDICE**.  Plaintiff's complaint alleges that she was lawfully sleeping in her unlocked office, when Defendants caused a canine to be deployed into her office in accordance with established policies and procedures.  [Doc. No. 1 ¶¶11-14.]  She further concedes in her opposition that "there is little dispute that the police officers were there to investigate a possible crime . . . ." [Doc. No. 9, p.3.]  Plaintiff's limited allegations fail to state a claim upon which relief can be granted for two reasons.

Plaintiff's brief complaint establishes Defendants are immune from liability under section 3342.  As relevant here, section 3342 states dog owners are strictly liable if their dog bites another person *unless* the dog is assisting police in an investigation of a possible crime.  Cal. Civ. Code § 3342.  Thus, the statute itself creates immunity for police dogs that bite people during the performance of their duties.  Subsection (c) then limits this immunity in circumstances were the person bitten is not a participant or suspect in the act that prompted the investigation.

Plaintiff contends her strict liability claim is not subject to dismissal because there is an "unresolved question of fact" as to whether she "was a party to or participant in the acts prompting the use of the police services dog within the meaning of section 3342(c)." [Doc. No. 9, p.3.]  The Court disagrees, as Plaintiff's complaint is devoid of any allegations regarding her participation, or lack thereof, in the acts that prompted the police investigation at her office building.  Plaintiff's complaint contains no facts that would give rise to the exception to immunity created by subsection (c).  Nor does Plaintiff's opposition indicate she could allege facts demonstrating she was not "a party to, nor a participant in, nor suspected to be a party to or a participant in, the act or acts that prompted the use of the dog in the . . . police work." Cal. Civ. Code § 3342(c).  The complete absence of any reference to Plaintiff's role in the chain of events that led to the investigation and her subsequent injury, does not create an issue of fact.

/ / /

1         Plaintiff's limited allegations that she was bitten by a police service dog [Doc. No. 1 ¶12]

2    deployed in a manner consistent with the Defendants' policies and procedures [*Id.* ¶11-13],

3    coupled with her admission that the "police officers were there to investigate a possible crime"

4    [Doc. No. 9, p.3], establishes Defendants are immune under Civil Code section 3342(b)(2); the

5    complaint raises no inference subdivision (c) may apply, and the Court need not accept Plaintiff's

6    legal conclusion that she was "lawfully" sleeping in her unlocked office, as true.  *Ashcroft v. Iqbal*,

7    -- U.S. -- , 129 S. Ct. 1937, 1949 (2009).  Although the Court must draw all reasonable inferences

8    in Plaintiff's favor, the Court will not assume Plaintiff can prove facts she has not alleged.

9    *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526

10   (1983).  Further, "where a complaint pleads facts that are 'merely consistent with' a defendant's

11   liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

12   *Ashcroft*, 129 S. Ct. at 1949 (citation omitted).

13        Counsel is advised the Court's rulings are tentative and the Court will entertain additional

14   argument at the hearing on June 27, 2011.

15        **IT IS SO ORDERED.**

16

17   DATED:  June 24, 2011

18                                             Hon. Michael M. Anello

19                                             United States District Judge

20

21

22

23

24

25

26

27

28

11cv946