UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA LOWRY,<br><br>                      Plaintiff,<br><br>  vs.<br><br><br>CITY OF SAN DIEGO,<br><br>                     Defendant. | CASE NO. 11-CV-946-MMA(WMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**<br><br>[Doc. No. 41] |

On November 11, 2011, Defendant City of San Diego (the "City") answered Plaintiff Sarah Lowry's First Amended Complaint ("FAC") and asserted twenty-four affirmative defenses. [Doc. No. 40.] Plaintiff moves to strike eight of the affirmative defenses under the Federal Rule of Civil Procedure 12(f). [Doc. 41-1.] Defendant opposes the motion [Doc. No. 42], and Plaintiff has filed a reply. [Doc. No. 43.] For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

### BACKGROUND

Plaintiff Sara Lowry initiated this action against the City after a San Diego Police Department ("SDPD") police dog bit her on the face. On February 11, 2010, Plaintiff was allegedly sleeping on the couch in her unlocked office suite with the permission of her employer. [FAC, Doc. No. 36 ¶ 6.] While she slept, three members of the SDPD deployed a police dog, which bit her face. [*Id.*]

- 1 -

Plaintiff primarily contends the City has "adopted policies, procedures, and customs governing the use of force and use of public service dogs in all facets of police operations including, but not limited to, investigation, apprehension, and protection." [*Id.* ¶ 5.] Plaintiff asserts these policies and procedures, as well as the actions and omissions of Sergeant Bill Nulton and Officers Mike Fish and David Zelenka, proximately caused her injuries. [*Id.* ¶¶ 5, 7.] Accordingly, Plaintiff filed this action under section 1983 of the Federal Civil Rights Act alleging Defendant used excessive force during an unreasonable search and seizure.

## DISCUSSION

### I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike functions "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Kohler v. Islands Rest., LP*, 2012 U.S. Dist. LEXIS 24224, at *4 (S.D. Cal. Feb. 16, 2012) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

"To strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no circumstances could the defense succeed. The grounds for the motion must appear on the face of the pleading under attack or from a matter which the court may judicially notice." *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). "[A] motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Barnes v. AT&T Pens. Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citations and internal quotations omitted). If a court strikes an affirmative defense, leave to amend should be freely granted, as long as it does not prejudice the moving party. *Kohler v. Bed Bath & Beyond of Cal.*, LLC, 2012 U.S. Dist. LEXIS 16048, at *2 (C.D. Cal. Feb. 8, 2012) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

Courts generally regard motions to strike "with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Indeed, a motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

**II.   ANALYSIS**

Plaintiff alleges a civil rights claim against the City based on the actions and omissions of three SDPD members. Specifically, Plaintiff asserts the SDPD members used excessive force during an improper search and seizure when they deployed a police dog against her while she slept at her place of employment. [FAC ¶6.] The City answered Plaintiff's FAC and asserted twenty-four affirmative defenses. [Doc. No. 40.] In response, Plaintiff moves to strike eight of them. [Doc. No. 41.]

**(A)   Second Affirmative Defense - Good Faith**

The City agrees to strike its good faith affirmative defense. Accordingly, the Court **GRANTS** Plaintiff's motion to strike this defense.

**(B)   Third Affirmative Defense - Acts of Employees with Immunity**

In its third affirmative defense, Defendant asserts the City "is not liable for an injury arising out of an act or omission of its employees, where the subject employee is immune from liability." [Doc. No. 40, p. 3.] Plaintiff argues the City cannot escape liability based on an employee's immunity in an official-capacity suit. [Doc. No. 41, p. 2.] The City agrees to strike the phrase "where the subject employee is immune from liability" from its third affirmative defense. With respect to the remaining portion of the defense, the Court **DENIES** Plaintiff's motion because she only addresses in her papers the portion of the defense, which the City has agreed to strike.

**(C)   Sixth Affirmative Defense - Due Care**

In its sixth affirmative defense, the City alleges it cannot be liable because it executed and enforced the law with due care. [Doc. No. 40, p. 3.] Plaintiff argues due care cannot be used as an affirmative defense in section 1983 claims because courts must consider whether a municipality

acted in an objectively unreasonable manner. [Doc. No. 41, p. 3.] In support, Plaintiff cites *Graham v. Connor*, 490 U.S. 386, 397 (1989). *Graham*, however, does not stand for the proposition that section 1983 claims foreclose a due care affirmative defense. *Id.* Instead, the case sets forth the proper inquiry in Fourth Amendment excessive force claims. *Id.* Specifically, the Supreme Court concluded that courts must apply an objective reasonableness test, which looks at the circumstances of a given situation, and not subjective factors such as malice. *Id.* Because the case does not address due care, let alone foreclose it as a defense in excessive force claims, Plaintiff has not persuaded the Court that this affirmative defense has no possible bearing on the subject matter of this litigation. *See Neveau*, 392 F. Supp. 2d at 1170. Thus, the Court **DENIES** Plaintiff's motion to strike the sixth affirmative defense.

**(D)     Seventh Affirmative Defense  - Color of Law**

In its seventh affirmative defense, the City argues it should not be liable because the allegedly wrongful acts committed by the SDPD members did not occur "under the color of any statute, ordinance, regulation, custom or usage of the City of San Diego." [Doc. No. 40, p. 4.] In response, Plaintiff argues that the City acted under the color of law when three members of the SDPD deployed a police service dog against her. [Doc. No. 41, p. 3.] Plaintiff also points to an allegation in the City's answer stating that it "was performing the duties required by law under conditions required by law." [*Id.*] Plaintiff suggests this statement is an admission by the City that it acted under the color of law. [*Id.*] While this statement, as pled, suggests Defendant acted under the color of law, a motion to strike can only be granted if the moving party convinces the court that no questions of fact or law exist and that the defense cannot succeed under any circumstances. *SEC*, 902 F. Supp. at 1165. Here, Plaintiff's motion to strike is inappropriate because a factual dispute exists concerning whether the City and its employees acted under the color of law.

Further, a motion to strike cannot be granted where the matter to be stricken has a direct bearing on the litigation. *See Neveau*, 392 F. Supp. 2d at 1170. Acting under the color of law has a direct bearing on the outcome of this case because it is a necessary element in Plaintiff's civil rights claim. *Chaker v. Bolla*, 2012 U.S. Dist. LEXIS 41008, at *2-3 (S.D. Cal. Mar. 23, 2012) (citing *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997)); *see also Huertas v. City of Camden*,

2007 U.S. Dist. LEXIS 11375, at *15-16 (D.N.J. Feb. 7, 2007) (finding the defendants' defense sufficient because if the defendants were not acting under color of law, the plaintiff's section 1983 claim would fail). Accordingly, the Court **DENIES** Plaintiff's motion to strike the seventh affirmative defense.

### (E) Sixteenth Affirmative Defense - Discretion of Public Entity

In its sixteenth affirmative defense, Defendant denies liability because Plaintiff's alleged injuries arose out of the exercise of discretion vested in the City and its employees. [Doc. No. 40, pp. 4-5.] Plaintiff contends exercising discretion cannot be used as a defense to a section 1983 claim because municipalities cannot claim qualified immunity. [Doc. No. 41, p. 4.] In support, Plaintiff cites *Owen v. City of Independence*, 445 U.S. 622, 638 (1980), which held that municipalities do not have "discretion" to violate the Constitution. More specifically, a municipality cannot assert an immunity defense based on its own conduct or the good faith and discretion of its officers. *See id.* Because municipal entities do not qualify for absolute or qualified immunity, a plaintiff may bring an action against the entity despite finding immunity for the individual officers. *Arnold v. Cnty. of El Dorado*, 2011 U.S. Dist. LEXIS 26475, at *19 (E.D. Cal. March 15, 2011) (citing *Bateson v. Geisse*, 857 F.2d 1300, 1304 (9th Cir. 1988)). Instead, courts must look at whether the municipality conformed to requirements under the Federal Constitution and statutes. *Owen*, 445 U.S. at 638. Thus, the Court **GRANTS** Plaintiff's motion to strike the sixteenth affirmative defense because this affirmative defense cannot succeed even if the Court determines the SDPD members or the City acted in good faith and within their discretion.

### (F) Seventeenth Affirmative Defense - Due Care by Public Entity

In its seventeenth affirmative defense, Defendant argues the City cannot be liable for executing or enforcing laws, including the laws of California, because it exercised due care. [Doc. No. 40, p. 5.] Plaintiff makes two arguments in response. First, Plaintiff summarily asserts California's Government Code only addresses municipal immunity, which makes the due care defense impertinent and immaterial. [Doc. No. 41, p. 4.] This argument fails. Defendant's answer covers more than the California Government Code because it states that the due care defense "may

include, but *is not limited* to the California Government Code." [Doc. No. 40, p. 5] (emphasis added).

Next, Plaintiff argues due care is a negligence principle that cannot be used as a defense in section 1983 claims. As stated above in section II(C), the case cited by Plaintiff does not support the proposition that due care is foreclosed as a defense in section 1983 claims. Thus, the Court **DENIES** Plaintiff's motion to strike the seventeenth affirmative defense.

### (G) Twentieth Affirmative Defense - Statute of Limitations and Claim Presentation

In its twentieth affirmative defense, Defendant asserts two separate affirmative defenses. First, Defendant argues the applicable statute of limitations bars Plaintiff's claims. [Doc. No. 40, p. 5.] Plaintiff asserts she timely filed this suit within the two-year statute of limitations for civil rights actions. [Doc. No. 41, p. 5.] In response, Defendant argues the statute of limitations defense applies to additional claims "not yet identified" in the FAC. [Doc. No. 42, p. 7.] Because Plaintiff filed an amended complaint against the City on November 8, 2011 based on injuries sustained on February 11, 2010 [Doc. No. 36], this defense cannot succeed because the currently pending claims are filed within the two-year limitations period. *See Navarro v. Herndon*, 2011 U.S. Dist. LEXIS 94606, at *5 (E.D. Cal. Aug. 24, 2011) (California's two-year statute of limitations for personal injury torts applies to section 1983 claims). Therefore, the Court **GRANTS** Plaintiff's motion to strike the twentieth affirmative defense with respect to the statute of limitations.

Next, Defendant argues California's claim presentation requirements bar Plaintiff's claims. [Doc. No. 40, p. 5.] Under the California Tort Claims Act, a plaintiff must satisfy substance and pleading requirements before suing a public entity, including claim presentation requirements. CAL. GOV'T CODE § 810. However, state law claim presentation requirements only apply to supplemental state law claims brought under section 1983. *Butler v. LA Cnty.*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2009); *see also Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989) (finding "state notice of claim provisions are inapplicable to section 1983 actions brought in federal court."). Here, claim presentation does not apply because Plaintiff only alleges federal claims. Accordingly, this affirmative defense cannot succeed and the Court **GRANTS** Plaintiff's motion to strike the twentieth affirmative defense with respect to claim presentation.

**(H)     Twenty-First Affirmative Defense  - Qualified Immunity**

In its twenty-first affirmative defense, the City denies liability based on the doctrine of qualified immunity.  [Doc. No. 40, p. 5.]  Plaintiff correctly argues this defense should be stricken because municipalities cannot allege qualified immunity under section 1983.  [Doc. No. 41, pp. 5-6] (citing *Owen,* 445 U.S. at 638.)  In its opposition, the City states the defense only applies to claims which *may* be alleged by Plaintiff against Sergeant Nulton and Officers Fish and Zelenka.  [Doc. No. 42, p. 8.]  Thus, the City concedes that the defense does not apply to the only named defendant.  Because Defendant's defense only applies to future claims against the SDPD members and not to the City, the Court **GRANTS** Plaintiff's motion to strike the twenty-first affirmative defense.  However, this order does not preclude future parties from alleging this affirmative defense.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Strike [Doc. No. 41], and **ORDERS** as follows:

(i)     Defendant's second affirmative defense is **STRICKEN WITHOUT LEAVE TO AMEND**.

(ii)    Defendant's third affirmative defense with respect to the phrase, "where the subject employee is immune from liability" is **STRICKEN WITHOUT LEAVE TO AMEND**.  With respect to the remaining portion of the defense, Plaintiff's motion to strike is **DENIED**.

(iii)   Plaintiff's motion to strike Defendant's sixth, seventh and seventeenth affirmative defenses is **DENIED**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

      (iv)    Defendant's sixteenth, twentieth and twenty-first affirmative defenses are **STRICKEN WITH LEAVE TO AMEND**.

      (v)    If Defendant wishes to amend its answer to remedy the deficiencies noted above, it must do so before **April 23, 2012**.

**IT IS SO ORDERED.**

DATED: April 5, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge